NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

PIERRE CORTEZ WILLIAMS, *Appellant*.

No. 1 CA-CR 18-0475
FILED 1-15-2019

---

Appeal from the Superior Court in Yavapai County
No. V1300CR201780304
The Honorable Christopher L. Kottke, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

M. Alex Harris, P.C., Chino Valley
By M. Alex Harris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**          Pierre Williams appeals his convictions and sentences for two counts of aggravated driving under the influence (DUI).  After searching the entire record, Williams' defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Williams was granted an opportunity to file a supplemental brief *in propria persona* but did not do so.  After reviewing the entire record, we find no error.  Accordingly, Williams' convictions and sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          On April 6, 2017, a Yavapai County Sheriff's Office deputy observed a vehicle reversing down a residential street in Rimrock with only one operating headlight.[1]   Around 9:00 p.m., the deputy contacted the driver and sole occupant of the vehicle, later identified as Williams, who admitted both that his license was suspended and that he had drank alcohol earlier in the day.  After Williams exhibited signs of alcohol impairment during field sobriety tests and refused to voluntarily submit to a blood draw, the deputy arrested him on suspicion of DUI and obtained a warrant for a blood sample.

**¶3**          A blood sample was drawn at 12:05 a.m.  Subsequent testing indicated Williams' blood alcohol concentration (BAC) at that time was 0.134.  A forensic scientist performed a retrograde extrapolation, ultimately determining Williams' BAC would have been between 0.146 and 0.170 within two hours of his having been observed driving.  The State charged

---

[1]          "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Williams with two counts of aggravated DUI. At trial, Williams stipulated that his privilege to drive within Arizona was suspended and that he was aware of that suspension at the time of the stop.

**¶4**    After Williams moved unsuccessfully for judgment of acquittal, the jury convicted Williams on both counts. The trial court found the State proved three prior felony offenses, sentenced Williams to concurrent, slightly mitigated terms of nine years' imprisonment, and gave him credit for seventy-seven days of presentence incarceration. Williams timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5**    Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of aggravated DUI if the person violates A.R.S. §§ 28-1381, -1382, or -1383, "while the person's driver license or privilege to drive is suspended, canceled, revoked or refused." A.R.S. § 28-1383(A)(1). Here, Williams was charged with and convicted of two separate counts of aggravated DUI: one for violating A.R.S. § 28-1381(A)(1) — driving "[w]hile under the influence of intoxicating liquor . . . [and] impaired to the slightest degree" — while his license was suspended, and the other for violating A.R.S. § 28-1381(A)(2) — driving with "an alcohol concentration of 0.08 or more within two hours of driving" — while his license was suspended. The record contains sufficient evidence upon which a jury could determine beyond a reasonable doubt that Williams was guilty of both offenses.

**¶6**    All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Williams was represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted). Williams was present at all critical stages, with the exception of a pretrial conference where his presence was waived and short portions of the trial from which he knowingly and voluntarily absented himself. *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P.

---

[2]    Absent material changes from the relevant date, we cite the current version of rules and statutes.

18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Williams' presumption of innocence. Williams was given an opportunity to speak at the sentencing hearing, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences were within the statutory limits. *See* A.R.S. § 13-703(C), (J).

## CONCLUSION

**¶7**　　　　Williams' convictions and sentences are affirmed.

**¶8**　　　　Defense counsel's obligations pertaining to Williams' representation in this appeal have ended. Defense counsel need do no more than inform Williams of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9**　　　　Williams has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Williams thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA